UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3462 CAS (JCx) | Date | October 8, 2008 |
|---|---|---|---|
| Title | DONG MEI WU v. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**   **(In Chambers): DEFENDANTS COUNTY OF LOS ANGELES AND STEVEN MCCAULEY'S MOTION FOR EARLY DETERMINATION OF GOOD FAITH SETTLEMENT** (filed 09/12/08)

The Court finds this motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing date of October 20, 2008, is hereby vacated, and the matter is hereby taken under submission.

**I.     INTRODUCTION**

On April 9, 2008, plaintiff Dong Mei Wu filed a complaint in Los Angeles County Superior Court against the County of Los Angeles ("the County"), Steven McCauley, MoneyGram Payment Systems, Inc. ("MoneyGram") and Does 1-100, inclusive. Plaintiff filed her complaint alleging claims for negligence, trespass to chattel, conversion, and civil rights violations, pursuant to 42 U.S.C. § 1983 after she was arrested and her home was searched by defendant McCauley and other police officers.

On June 3, 2008, defendants the County and McCauley filed a motion to dismiss, a motion for a more definite statement, and a motion to strike pursuant to Fed R. Civ. P. 12(b)(6), 12(e), and 12(f).  Before the hearing on defendants the County and McCauley's motions, plaintiff tentatively agreed to settle with defendants the County and McCauley for $2500, with each party to bear their own attorneys' fees and costs.

On September 12, 2008, defendants filed the instant motion for a determination that their settlement agreement with plaintiff was made in good faith as required by Cal. Code Civ. P. §§ 877 and 877.6.  On October 6, 2008, defendant MoneyGram filed a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3462 CAS (JCx) | Date | October 8, 2008 |
|---|---|---|---|
| Title | DONG MEI WU v. COUNTY OF LOS ANGELES, ET AL. | | |

qualified non-opposition. The Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff's complaint alleges that on September 17, 2007, plaintiff attempted to cash money orders at a Wells Fargo Bank but was unable to do so because MoneyGram falsely notified Wells Fargo Bank that her money orders were not valid. Compl. ¶¶ 9-10. Plaintiff further alleges that Wells Fargo Bank contacted the Sheriff's Department and that the Sheriff's Department sent McCauley and other police officers to arrest plaintiff on suspicion of forgery and search her home pursuant to a warrant. Compl. ¶ 12. Plaintiff also alleges that she was held in jail for one day and was released on $2500 bail. Compl. ¶¶ 13, 58. Plaintiff further alleges that the police damaged her door and door frame when they searched her home. Compl. ¶¶ 14-15, 58.

## III. LEGAL STANDARD

In determining whether a settlement was entered into in good faith for the purposes of Cal. Code Civ. P. § 877.6, courts are to consider several factors, including "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial." Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d 488, 499 (1985). Other relevant considerations include "the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." Id.

## IV. DISCUSSION

Defendants the County and McCauley argue that an early determination of good faith settlement, pursuant to Cal. Code Civ. P. § 877, is necessary to discharge them from any liability for contribution or indemnity to the remaining defendant. Mot. at 5. Defendants the County and McCauley further argue that this Court may properly grant a motion for an early determination of good faith. Id. at 6 (citing Federal Savings & Loan Corp., 904 F.2d 505, 511 (9th Cir. 1990)).

Furthermore, defendants the County and McCauley argue that their settlement with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3462 CAS (JCx) | Date | October 8, 2008 |
|---|---|---|---|
| Title | DONG MEI WU v. COUNTY OF LOS ANGELES, ET AL. | | |

plaintiff was made in good faith because the $2,500 paid is reasonable, given plaintiff's potential recovery and defendants the County and McCauley's proportionate liability. Id. at 8. Defendants the County and McCauley contend that this is so because plaintiff's allegations are without merit. Id. Specifically, defendants the County and McCauley contend that plaintiff's claims for negligence, conversion, and trespass to chattels are barred by Cal Govt. Code § 821.8. Id. Furthermore, defendants the County and McCauley contend that plaintiff cannot state any civil rights claims against the County pursuant to 42 U.S.C. § 1983 because the County is not liable for the unconstitutional acts of its employees and plaintiff cannot establish that the County has a policy, procedure, or custom of denying constitutional rights. Id. at 8; Monell v. Department of Soc. Servs., 436 U.S. 658, 690-91 (1978). Defendants further contend that McCauley acted reasonably in executing a valid warrant and would be entitled to qualified immunity. Id. at 8-9 (citing Hunter v. Bryant, 502 U.S. 224, 228 (1991)).

Defendant MoneyGram does not oppose the instant motion, but does not waive any defenses to the allegations that plaintiff asserts in her complaint and does not adopt as true any assertions made by the County or McCauley in support of their motion.

The Court concludes that the settlement was entered into in good faith. The party opposing a good faith settlement has the burden of showing that it was not entered into in good faith. Tech-Bilt, 38 Cal. 3d at 499. In the instant case, no party opposes a finding that the settlement was made in good faith. Furthermore, given the nature and value of plaintiff's claims and defendants the County and McCauley's proportionate liability, the Court concludes that $2,500 is a reasonable settlement of plaintiff's claims. Furthermore, the Court concludes that there is no evidence of collusion or fraud aimed at injuring the interests of nonsettling defendant.

## V.     CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 08-3462 CAS (JCx) | Date | October 8, 2008 |
| Title | DONG MEI WU v. COUNTY OF LOS ANGELES, ET AL. | | |

|  |  |  |
|---|---|---|
|  | 00 | : 00 |
| Initials of Preparer | CMJ | |